UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE F. RUSSEL,<br><br>              Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF THE<br>SOCIAL SECURITY ADMINISTRATION,<br><br>              Defendant. | Case No. CV 09-5299-PJW<br><br>MEMORANDUM OPINION AND ORDER |

    Before the Court is a motion to dismiss this action by Defendant Social Security Administration (hereinafter "the Agency"). It argues that the Court lacks subject matter jurisdiction to consider Plaintiff's challenge to the Agency's decision denying benefits because the Agency's decision is not a "final decision" under Social Security law. For the following reasons, the Court agrees. The motion is hereby granted and the action is dismissed with prejudice.

    In March 2008, Plaintiff applied for Disability Insurance Benefits. Her application was denied initially and on reconsideration. The decision denying the application on reconsideration was issued by the Agency on November 18, 2008. Under the rules governing appeals, Plaintiff had 65 days from that date,

until January 22, 2009, to appeal the decision to an Administrative Law Judge ("ALJ").

On February 26, 2009, Plaintiff's counsel sent a fax to the Agency, inquiring about the status of the case. The following day, the Agency faxed counsel a copy of the November 18th decision. Counsel immediately filed a request for review of that decision, explaining that neither he nor his client had received the decision. On April 29, 2009, an ALJ dismissed Plaintiff's request for review on the ground that it was untimely. Plaintiff appealed the ALJ's decision to the Appeals Council, which denied Plaintiff's request for review. Plaintiff then filed the instant action in this court, seeking a review of the Agency's denial of her claim for benefits.

The Agency now moves to dismiss the action. It argues that the Court is not empowered to review the merits of the Agency's denial of Plaintiff's application for benefits because the ALJ and the Appeals Council dismissed the appeal as untimely. As a result, it claims, they never reached the merits of Plaintiff's application. In the Agency's view, this means that its decision on the merits is not final and, hence, not reviewable. The Agency also argues that the Court does not have jurisdiction to review the Agency's decision denying Plaintiff's request to file a late appeal.

The weight of authority supports the Agency's position. In *Matlock v. Sullivan*, 908 F.2d 492 (9th Cir. 1990), the Ninth Circuit held that the Agency's decision to refuse to consider an untimely petition for review was not a final decision within the meaning of Social Security law and, therefore, was not reviewable by the district court under 42 U.S.C. §§ 405(g) and (h). Eleven years later, the circuit relied on *Matlock* to conclude that the district court did not

have jurisdiction to review the Railroad Retirement Board's decision not to extend the time for filing an untimely challenge. *Rivera v. Railroad Retirement Bd.*, 262 F.3d 1005, 1009-10 (9th Cir. 2001). In 2009, in an unpublished decision, the circuit, again relying on *Matlock*, again concluded that district courts do not have subject matter jurisdiction to consider challenges to the Agency's denial of benefits where, as here, the Agency denied the claimant's request to file a late appeal. *Larsen v. Comm'r Soc. Sec. Admin.*, 2009 WL 2017538, at *1 (9th Cir. July 10, 2009) (affirming district court's dismissal on jurisdictional grounds of claimant's challenge to Agency's refusal to allow her to proceed on untimely request for review). Though there is an exception to this general rule for constitutional claims, *see Evans v. Chater*, 110 F.3d 1480, 1482-83 (9th Cir. 1997), Plaintiff has not raised a constitutional claim and, therefore, any potential claim is waived. *See Larsen*, 2009 WL 2017538, at *1.

The Agency's decision to not allow Plaintiff to proceed on an untimely request for review is not reviewable. Further, the denial of benefits on reconsideration is not a "final decision" under Social Security law and, therefore, the Court does not have jurisdiction to review it. For these reasons, the Agency's motion to dismiss is granted and the action is dismissed with prejudice.

IT IS SO ORDERED.

DATED: January 18, 2011.

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\Russel\Memo.opinion and order.wpd